```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

| | | |
|---|---|---|
| MARCUS TENNYSON, | : | |
| | : | No. 1:10-cv-160 |
|     Plaintiff, | : | |
| | : | |
|     VS. | : | **ORDER & OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
|     Defendant. | : | |

      Plaintiff's attorney, Shoshana Pehowic, submitted her motion for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") on June 23, 2011 (doc. 20). The Government opposes her motion on the basis that it was filed one day late (doc. 21). Pehowic submitted a reply memo, in which she explains the reason for the one-day delay (doc. 26). For the following reasons, the Court GRANTS Pehowic's motion for EAJA fees.

      In Pehowic's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act, she requests a total award of costs and fees of $2,900, based on 15 hours of work in this case at an hourly rate of $170 plus $350 in expenses (doc. 20). Her work resulted in an order from this Court remanding the case for further proceedings because the Court found that the Administrative Law Judge's decision was not supported by substantial evidence but neither was disability clearly established (doc. 18).

      Pehowic seeks attorney's fees on the bases that Plaintiff was a prevailing party in the action, and the position of the

United States in this litigation was not substantially justified (doc. 20, citing, inter alia, Shalala v. Schaefer, 509 U.S. 292 (1993)). Pehowic attached an affidavit to the motion, providing an itemized report of the time she spent on this matter (Id.).

The Court finds appropriate an award of EAJA fees in this matter, as Plaintiff was a prevailing party in this action. The Government opposes Pehowic's request on the lone basis that it was not timely filed; it has not shown that its position in this matter was substantially justified.

With respect to the timing issue, the Court finds that equitable tolling is appropriate. See Townsend v. Social Sec. Admin., 486 F.3d 127 (6th Cir. 2007). Pehowic submitted her application only one day late due to a simple error in calculating the deadline (doc. 26), and the Government has not shown that it was prejudiced by this error. Consequently, the Court denies the Government's objections to Pehowic's application.

With respect to the amount of the award, the Court typically employs the lodestar method, under which the Court determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckhart, 461 U.S. 424, 433 (1983). Here, the Court finds that both the hours expended, 15, and the amount per hour, $170, are reasonable.

Accordingly, the Court GRANTS Plaintiff's Application for

Fees and Expenses Pursuant to the Equal Access to Justice Act (doc. 20) and AWARDS Plaintiff $2,900 for attorney's fees and costs, such award to be credited toward Pehowic's contingency fee should Plaintiff ultimately receive disability benefits pursuant to this claim.

    SO ORDERED.

Dated: September 21, 2011    /s/ S. Arthur Spiegel
    S. Arthur Spiegel
    United States Senior District Judge